# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Larry Rhein | Case No. |
| Plaintiff | COMPLAINT |
| | **Judge:** |
| v. | **Magistrate:** |
| | July Demand Requested |
| ARS National Services, Inc. | |
| 201 West Grand Ave. | |
| Escondido, CA 92025 | |
| Defendant | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Larry Rhein, brings this action to secure redress from unlawful collection practices engaged in by Defendant, ARS National Services, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA*, *Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales*

*v. Arrow Financial Services,LLC, 660 F.3d 1055*, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker v. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

7. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018).

8. In the same Opinion, the Seventh Circuit Court of Appeals stated that Debt Collectors must tailor boiler plate language to avoid ambiguity. *Id.* at 371.

9. Moreover, the Court in *Boucher* stated that a Debt Collector is not entitled to safe harbor language if it provides inaccurate language. *Spuhler vs. State Collection Services, Inc.*, 18-cv-01149, (E.D. Wis. 2018).

10. The Seventh Circuit Court of Appeals stated in *Millver v. McCalla, Raymer, Padrick, Cobb, Nichols & Carlk, LLC.*, 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

11. The Court in *Miller* spelled out safe harbor language for collecting

debts that are accuring interest or other fees after the date of the initial dunning letter. Id.

12. Following Miller, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F. 3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the interest running on it or other charges, he should use the safe harbor language of *Miller:* As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection For further information, write the undersigned or call 1-800-[phone number]." *Id.*

## JURISDICTION AND VENUE

13. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
14. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

15. Plaintiff, Larry Rhein (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
16. Plaintiff is a resident of the State of Illinois.
17. Defendant, ARS National Services, Inc., ("Defendant"), is a California business entity with an address of 201 West Grand Ave., Escondido, CA 92025, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
18. Unless otherwise stated herein, the term "Defendant" shall refer to

ARS National Services, Inc..

19. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **STANDING**

20. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

21. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## **ALLEGATIONS**

22. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $27,957.73 (the "Debt") to an original creditor (the "Creditor")

23. Specifically, Defendant co-signed for his daughter on the aforementioned debt and was personally liable for this amount from Creditor.

24. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

25. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

26. On November 15, 2019, Defendant mailed Plaintiff an initial collection letter.  See Exhibit.

27. Said letter stated the total balance as described in paragraph 19 above.  See Exhibit

28. Said letter also stated the "Past Due Amount: $1,719.77."  See Exhibit

29. Said letter's opening statement stated "ARS is a national organization experienced in helping customers resolve their outstanding balances. LendingClub Corporation has placed your account referenced above

with ARS. We look forward to working with you to find a repayment plan that fits your budget." See Exhibit.

## Impossible Outcomes

30. Also, within the same letter, Defendant states "[A]s of the date of this letter, you owe $1,719.77. Because of interest, late fees, and other charges that may vary from day to day, the amount due on the day you pay may be greater and an adjustment may be necessary after we receive your payment." See Exhibit.
31. In fact, there is nothing in the agreement (or applicable law) that would allow Defendant or current creditor to charge "other charges" on Plaintiff's account.
32. Defendant is implying and suggesting outcomes that can not legally come to pass.

## Amount of Debt

33. The Plaintiff incorporates by reference all of the above paragraphs of the Complaint as fully stated herein.
34. As noted above, said letter lists the "Past Due Amount" of "$1719.77." See Exhibit
35. The opening paragraph said letter ended by stating "[O]nce your account is current, ARS will help you work with LendingClub Corporation in order to have your account returned to them for servicing." See Exhibit.
36. This letter is clear to Plaintiff that the only amount it is collecting on is the "Past Due Amount" not the entire debt.
37. Yet, despite the fact that Defendant is only collecting on the "Past Due Amount," nothing in the letter stated that the "Past Due Amount" was increasing due to interest and late fees.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
39. The Defendants' conduct violated 15 U.S.C. Section 1692e by

misleading Plaintiff by suggesting "other charges" that could not legally come to pass.

40. The Defendant's conduct violated 15 U.S.C. Section 1692g by failing to tell Plaintiff that the amount of the debt (the amount being collected on by Defendant) was increasing.

41. Plaintiff is entitled to damages as a result of Defendant's violations.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff